# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

HOLLY M. ALDRIDGE,

      Plaintiff,

  v.

U.S. BANK, NATIONAL ASSOCIATION, *ET AL.*,

      Defendants.

Case No.: SACV 18-00510-CJC(JEMx)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

## I. INTRODUCTION & BACKGROUND

On December 8, 2018, Plaintiff Holly Aldridge filed a Complaint in the Orange County Superior Court against Defendants U.S. Bank, Quality Loan Service Corporation ("QLSC"), Mortgage Electronic Systems, Inc. ("MES"), "all person [sic] known,

-1-

unknown, claiming any legal or equitable right, title, lien or interest in the property," and Does 1 through 25. (Dkt. 1-2 [Complaint, hereinafter "Compl."].) Plaintiff asserts causes of action for wrongful foreclosure, cancellation of instrument, quiet title, violations of the California Unfair Competition Law, and breach of fiduciary duty, arising out of a dispute concerning the Deed of Trust and Note related to the real property located at 8621 Truxton Drive, Huntington Beach, California 92656 ("the Property"). (*Id*.) On March 26, 2018, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) On April 18, 2018, the Plaintiff filed the instant motion to remand the case, arguing the Court lacks federal question jurisdiction over the action. (Dkt. 7 [hereinafter "Mot."].) For the following reasons, the motion is DENIED.[1]

## II. DISCUSSION

Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441(a). A district court has original "diversity" subject matter jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States." 28 U.S.C. § 1332(a)(1). The district court has jurisdiction only if there is "complete diversity" between the parties, meaning that each plaintiff is a citizen of a different state than each defendant. *See id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In measuring the amount in controversy, the Court assumes the allegations in the complaint are true and the jury will return a verdict in favor of the plaintiff on all claims therein. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 21, 2018, at 1:30 p.m. is hereby vacated and off calendar.

2002). If it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the Court must remand the action to state court. 28 U.S.C. § 1447(c). In addition, for "any defect other than the lack of subject matter jurisdiction," a plaintiff may file a motion to remand the case to state court within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c); *see also Kelton Arms Condo Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003).

Plaintiff argues that the Court lacks jurisdiction over this action because her Complaint does not present a federal question.[2] (Mot. at 6–8.) Plaintiff does not contest that the Court has diversity jurisdiction in her motion, and did not file a reply. (*See generally* docket entries.) Defendants argue that the Court has diversity jurisdiction over this action. The Court agrees.

There is complete diversity of citizenship between the parties in this action. Plaintiff is a citizen of California, as she states that the Property is her "principal residence." (Compl. ¶¶ 11, 13–14.) "[N]umerous courts treat a person's residence as *prima facie* evidence of the person's domicile." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citing *Anderson v. Watts*, 138 U.S. 694, 706 (1891)). None of the named Defendants are citizens of California. Defendant U.S. Bank is headquartered in Cincinnati, Ohio, (NOR at 4), and is treated as a citizen of Ohio for diversity purposes. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 308 (2006) (holding "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"). Defendant MES is a corporation organized and existing under the laws of the state of Delaware, with its

---

[2] Plaintiff also argues that "based on abstention principles," the Court should remand the action because the Complaint concerns a "local" action. (Mot. at 6–8.) However, her citation to *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) is unpersuasive, as the Supreme Court reaffirmed the federal courts' "virtually unflagging obligation . . . to exercise the jurisdiction given them," and that they may decline to exercise their jurisdiction in "exceptional circumstances." *Id.* at 716. Plaintiff has not identified such an "exceptional circumstance" in this action.

principal place of business in Reston, Virginia, (NOR at 4), and is a citizen of Delaware and Virginia for diversity purposes, 28 U.S.C. § 1332(c)(1). Defendant QLSC is allegedly a California corporation, but Plaintiff filed a notice of dismissal as to QLSC on February 22, 2018. (Mot. at 4; Dkt. 1-3 [ROA Dkt. 18].) No Doe defendants have been named or served. Because no Defendant presently in this action is a citizen of California, there is complete diversity of citizenship.

The amount in controversy requirement is also satisfied. As relevant to this motion, Plaintiff seeks, *inter alia*, sole and exclusive title to the Property, cancellation of the Deed of Trust and the Trustee's Deed of Sale encumbering the property, as well as general and special damages totaling $2,000,000. (Compl. Prayer for Relief 31–34, 37.) Plaintiff attached a Deed of Trust to the Complaint which indicates that the Property secured a loan in the amount of $650,000. (*Id*. Ex. A.) The Notice of Default and Notice of Trustee's Sale indicate that the arrears on the Property were more than $200,000 in 2014, and the unpaid balance was over $900,000 in 2016. (*Id*. Exs. J, K.)

Plaintiff's request for damages alone exceeds the jurisdictional amount. Additionally, the value of cancelling either the Deed of Trust or Trustee's Deed of Sale also exceeds the jurisdictional amount. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). "In an action to enjoin a foreclosure or quiet title, the object of the litigation is the real estate itself." *Champan v. Deustche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (citation omitted). Here, the Property is the object of the litigation, and thus the amount in controversy clearly exceeds $75,000. *See Rodriguez v. Wells Fargo Bank, N.A.*, No. 11–cv–05172 RMW, 2011 WL 6304152, *3 (N.D. Cal. Dec.16, 2011) (finding that balance of loan secured by property showed the amount in controversy exceeded $75,000 where complaint sought to enjoin foreclosure).

Plaintiff also argues that removal was not timely, because Defendants removed this action over three months after she filed her Complaint. (Mot. at 4–6.) However, Section 1146(b)(3) provides that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 146(b)(3). This action was not removable under diversity jurisdiction while QLSC was a party, and the Complaint does not present a federal question. Thus, when Plaintiff dismissed QLSC on February 22, 2018, the action became removable. However, Defendants were not served or notified regarding the dismissal of QLSC, (NOR at 7; Mot. at 4), and only discovered this dismissal on February 27, 2018, while checking the state court website, (NOR at 7). Defendants timely filed a Notice of Removal on March 26, 2018, less than thirty days after both February 22 and 27, 2018.[3]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

DATED: May 9, 2018

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Federal Rule of Civil Procedure 6(a)(1), which provides the method for computing time when a statute does not specify a method, the thirty day period began to run on February 23, 2018, and would end on March 26, 2018. Because the thirtieth calendar day, March 24, 2018, fell on a Saturday, the time period to remove would "run until the end of the next day that is not a Saturday, Sunday, or legal holiday," which would be Monday, March 26, 2018. Fed. R. Civ. P. 6(a)(1).